No. 12-57302

IN THE

# United States Court of Appeals
# for the Ninth Circuit

———————

CINDY LEE GARCIA,

Plaintiff-Appellant,

v.

GOOGLE INC. AND YOUTUBE, LLC,

Defendants-Appellees,

———————

On Appeal from the United States District Court
for the Central District of California, CV-12-8315-MWF (VBKx)
District Judge Michael W. Fitzgerald

———————

**GOOGLE INC. AND YOUTUBE, LLC'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR AN ADMINISTRATIVE STAY PENDING THEIR PETITION FOR REHEARING EN BANC
(UNDER SEAL)**

———————

TIMOTHY L. ALGER
SUNITA BALI
PERKINS COIE LLP
1305 Porter Drive
Palo Alto, California 94306
(650) 838-4334
TAlger@perkinscoie.com
Sbali@perkinscoie.com

NEAL KUMAR KATYAL
DOMINIC F. PERELLA
JUDITH E. COLEMAN
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-56000
neal.katyal@hoganlovells.com

February 20, 2014

*Counsel for Movants Google Inc. and YouTube, LLC*

## CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Ninth Circuit Rule 27-3, counsel for movants state:

1. The telephone numbers, e-mail addresses, and office addresses of the

attorneys for the parties are:

NEAL KUMAR KATYAL
DOMINIC F. PERELLA
JUDITH E. COLEMAN
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
neal.katyal@hoganlovells.com

TIMOTHY L. ALGER
SUNITA BALI
PERKINS COIE LLP
1305 Porter Drive
Palo Alto, California 94306
Tel: (650) 838-4334
TAlger@perkinscoie.com
Sbali@perkinscoie.com

*Counsel for Appellees Google Inc. and
YouTube, LLC*

M. CHRIS ARMENTA
THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard
Suite 730
Los Angeles, California 90064
Tel: (310) 826-2826
cris@crisarmenta.com

CREDENCE SOL
LA GARENNE
86200 Chauvigng, France
Tel: 06 74 90 22 08
credence.sol@sol-law.com

*Counsel for Appellant Cindy Lee Garcia*

2. The Court yesterday issued an unprecedented sealed order directing that

Defendant-Appellee Google Inc. take down the video "Innocence of Muslims"

"from YouTube.com and from any other platforms under Google's control and

take all reasonable steps to prevent further uploads of 'Innocence of Muslims' to

those platforms." The Court further directed that defendants take these steps

within 24 hours and that they were not permitted to disclose the Order until the

i

merits opinion issues in this case.   As explained below, defendants (and the public) will suffer irreparable harm to their First Amendment and other constitutional freedoms if defendants are not granted a stay pending their contemplated petition for rehearing en banc.

3.   On February 20, 2014, at 4:15 p.m. and two more times at 4:40 p.m. and 4:45 p.m., I spoke with Chris Armenta, counsel for Appellant Cindy Lee Garcia, to inform her of this motion and to seek her views.  She has said Appellant opposes this motion.   I am serving this motion on Ms. Armenta by e-mail at the same time I file it with the Court.

/s/ Neal Kumar Katyal

## EMERGENCY MOTION

Appellees Google Inc. and YouTube, LLC (Google) move for an order to temporarily stay the Court's February 19, 2014, order in this matter. Appellees request that the Court's order be stayed until 5:00 p.m. on Tuesday, February 25, 2014, so as to allow them to prepare a petition for rehearing en banc of the Court's order (and accompanying motion for a stay pending en banc review). At present, Google and YouTube are endeavoring to comply with the Court's Order, but they strongly believe this Court should issue an immediate administrative stay of the Order. In support of its motion, Google states:

1.     This case was filed in the District Court on September 26, 2012, and was argued on June 26, 2013. The panel that heard the case has not yet issued an opinion deciding it on the merits. Yet at 5:46 p.m. yesterday, counsel for the Defendants received a two-paragraph order from the Court directing that Google "shall take down all copies of 'Innocence of Muslims' from YouTube.com and from other platforms under Google's control, and take all reasonable steps to prevent further uploads of 'Innocence of Muslims' to those platforms." The Court's order further directed that Google must comply within 24 hours of the Order's issuance—in other words, by 5:46 p.m. today.

2.     The Court's order contained an expansive "gag clause." It directs that "[n]either parties nor counsel shall disclose this order, except as necessary to the

takedown process, until the opinion in this case issues." Consistent with the intense secrecy surrounding the Order, it was not entered on the Court's docket.

3. This Court should enter a short administrative stay to permit Google time to prepare a petition for rehearing en banc. A temporary stay is particularly warranted here because the panel's order amounts to a dramatic, and highly unusual, intrusion on Google's First Amendment and due process rights. It requires Google to remove a film from public display—a classic incursion on the First Amendment—without even telling Google why, and without any opinion explaining the rationale. The panel took this extraordinary step in an order that it placed under seal, making it difficult (to say the least) for Google to explain to the world *why* it is removing the Film from the public eye. And, last but not least, the Order imposes a restraint on Google that is *broader than anything Ms. Garcia has even requested*. Ms. Garcia asked only that the five seconds of footage in which she appeared be removed from Google's websites. *See* Reply Br. 5 ("*Ms. Garcia seeks only to enjoin the unauthorized posting of her own performance*."). The Order, by contrast, requires that the *entire film* be taken down, and that Google block anyone from uploading it in the future. The Order also appears to extend to copies of the Film that were not identified in any takedown demand by Ms. Garcia. *See* 17 U.S.C. 512(c), (j). There is no possible justification for such an order. The

vast bulk of the Film has nothing to do with Ms. Garcia, and she asserts no copyright claim over it.

This is, in short, a stunning order, both as a matter of substance and procedure. And to make matters worse, it is difficult for the Defendants to even understand how to fully comply with the Order, given the variety of copies of the Film now available on the Internet and the variety of platforms operated by Google. The Order's uncertain scope only adds to the urgency of a temporary stay. The Film is not defined with reference to any URL, upload date, or any other meaningful description. A search for "Innocence of Muslims" on YouTube returns over 58,000 results as of this filing, many of which could well contain commentary, news stories, and other works that merely contain some or all of the original video. Google and YouTube will, of course, try to comply with the Order forthwith, but strongly believe the Order should be stayed so that this Court can consider the issues. Undersigned counsel are willing to sharply truncate the ordinary 14-day period for filing an *en banc* petition and will commit to do so instead on Tuesday, February 25, 2014.

4. All four prongs of the stay test are met. The Court's order is wrong on the merits; the Court's order causes Google irreparable harm; a temporary administrative stay will do no harm to Ms. Garcia; and the public interest favors a stay. *See Lair* v. *Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).

3

A. First, Google is likely to succeed on the merits in challenging the Order. There are grave First Amendment problems with the Court's Order, both in its substance and in its "Gag Order," as detailed in the next Section of this Motion. Furthermore, as explained more fully in Defendants' brief on the merits, Ms. Garcia's appeal -- and thus the apparent justification for the Court's order -- turns on a copyright theory that is incorrect. Among other things, Ms. Garcia is not an author of the film or any portion thereof. Her five-second appearance is nothing more than a *de minimis* contribution to a work. And even if she had a cognizable interest, her performance was a work for hire. Moreover, even if Ms. Garcia's theory had merit, that still would not justify the Court's order because, as already discussed, Ms. Garcia *does not even assert* a copyright over most of the Film. There is no justification for ordering its removal in full. Google is likely to succeed in its challenge to the Order.

B. Second, absent a stay Google will suffer irreparable injury as a matter of law. The Order infringes on Google's First Amendment rights because it prevents Google from exhibiting the Film on its websites. Without a stay, Google will be forced to remove the Film from public sites where it is currently displayed—namely, "YouTube.com and . . . and other platforms under Google's control." That is a clear infringement on Google's First Amendment expression, given that the Supreme Court "has long held" that movies "are protected

expression." *Video Software Dealers Ass'n* v. *Schwarzenegger*, 556 F.3d 950, 958 n.11 (9th Cir. 2009). And it is black-letter law that " '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.' " *Valle Del Sol Inc.* v. *Whiting*, 709 F.3d 808, 828 (9th Cir. 2013) (quoting *Elrod* v. *Burns*, 427 U.S. 347, 373 (1976)). The irreparable-harm prong is met.

In addition, the Order unjustifiably gags the defendants from publicly discussing the Order itself, and denies the public access to judicial documents. Under this Court's case law, when it comes to this Court's records, " 'a strong presumption in favor of access' is the starting point." *Kamakana* v. *City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). In order to withhold documents from public view, the court "must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.' " *Id.* (citation omitted). The Court's order did none of those things before directing it be kept from the public docket. For this reason, too, the Order harms Google and the public and should be vacated.

C.     Third, Ms. Garcia will suffer no harm if a stay pending Google's forthcoming motion is granted. This appeal has been pending since 2012 and has been fully submitted to a panel since June of last year. Ms. Garcia did not ask for the panel's dramatic 24-hour compliance period, and any alleged harm in the few

additional days while Google seeks further review of the Court's order will be slight, if it exists at all. Moreover, as the Order is even broader than what Ms. Garcia requested, she cannot be said to be harmed if this Court grants a brief stay while Google moves for rehearing en banc.

D. The public interest weighs in favor of leaving the Film online while Google seeks further review. The Film has been a subject of tremendous public debate and public interest, yet the Court would remove all access to it from Google-controlled platforms. " 'Courts considering requests for [stays] have consistently recognized the public interest in upholding First Amendment principles.' " *Associated Press* v. *Otter*, 682 F.3d 821, 826 (9th Cir. 2012) (citation omitted). It should follow that well-worn path here and grant an administrative stay pending further review. And the public interest in being informed about the Order of this Court further militates in favor of this stay.

For the foregoing reasons, the motion should be granted.

Respectfully Submitted,

/s/ Neal Kumar Katyal
NEAL KUMAR KATYAL
DOMINIC F. PERELLA
JUDITH E. COLEMAN
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-56000
neal.katyal@hoganlovells.com

TIMOTHY L. ALGER
SUNITA BALI
PERKINS COIE LLP
1305 Porter Drive
Palo Alto, California 94306
(650) 838-4334
TAlger@perkinscoie.com
Sbali@perkinscoie.com

6

February 20, 2014                    *Counsel for Movants Google Inc. and*
                                     *YouTube, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2014, I served the foregoing Motion by e-mail on the following:

M. CHRIS ARMENTA
THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard
Suite 730
Los Angeles, California 90064
Tel: (310) 826-2826
cris@crisarmenta.com

CREDENCE SOL
LA GARENNE
86200 Chauvigng, France
Tel: 06 74 90 22 08
credence.sol@sol-law.com

*Counsel for Appellant Cindy Lee Garcia*

/s/ Neal Kumar Katyal
Neal Kumar Katyal