UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 12-57302

CINDY LEE GARCIA,

Plaintiff-Appellant,

v.

GOOGLE, INC., a Delaware
Corporation; YOUTUBE,LLC,
a California limited liability company

Defendants-Appellees,

and

NAKOULA BASSELY NAKOULA, an individual,
A/K/A/ SAM BACILE, *et al.*

Defendants.

On Appeal from an Interlocutory Order of the United States District Court
for the Central District of California

**BRIEF OF PUBLIC CITIZEN AS AMICUS CURIAE**

Paul Alan Levy

Public Citizen Litigation Group
1600 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
March 21, 2014          plevy@citizen.org

# TABLE OF CONTENTS

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Certification Under Rules 26.1 and 29(c)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . v

Interest of Amicus Curiae. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background and Proceedings to Date. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      I.    Considerations, Other Than the Merits of the Underlying Copyright Claim, Bearing on the Propriety of a Preliminary Injunction Should Be Included in the En Banc Review.. . . . . . . . . . . 5

      II.   Garcia Might Have Attained the Outcome She Seeks by Pursuing Established State-Law Claims Against the Individual Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## CASES

*Apple Computer v. Formula International*,
    725 F.2d 521 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Auburn Police Union v. Carpenter*,
    8 F.3d 886 (1st Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Balboa Island Village Inn v. Lemen*,
    40 Cal. 4th 1141, 156 P.3d 339 (Cal. 2007). . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bank Julius Baer v. Wikileaks*,
    535 F. Supp. 2d 980 (N.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bantam Books v. Sullivan*,
    372 U.S. 58 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Barnes v. Yahoo, Inc.*,
    570 F.3d 1096 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Blockowicz v. Williams*,
    630 F.3d 563 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Carroll v. Comm'rs of Princess Anne*,
    393 U.S. 175 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*eBay Inc. v. MercExchange, LLC*,
    547 U.S. 388 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Eldred v. Ashcroft*,
    537 U.S. 186 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
　　521 F.3d 1157 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Flexible Lifeline System v. Precision Lift*,
　　654 F.3d 989 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Giordano v. Romeo*,
　　76 So.3d 1100, 1102 (Fla. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hurley v. Irish American Gay, Lesbian, and Bisexual Group of Boston*,
　　515 U.S. 557 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Overstreet v. Carpenters Local 1506*,
　　409 F.3d 1199 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Perfect 10, Inc. v. CCBill LLC*,
　　488 F.3d 1102 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Perfect 10, Inc. v. Google, Inc.*,
　　653 F.3d 976 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Practice Management Information Corp. v. American Medical Association*,
　　121 F.3d 516 (9th Cir.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Procter & Gamble Co. v. Bankers Trust Co.*,
　　78 F.3d 219 (6th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rosemont Enterprises v. Random House*,
　　366 F.2d 303 (2d Cir.1966). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Suntrust Bank v. Houghton Mifflin Co.*,
　　268 F.3d 1257 (11th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tory v. Cochran*,
　　544 U.S. 734 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tucker v. Pacific Bell Mobile Services*,
    208 Cal. App. 4th 201, 145 Cal.Rptr.3d 340 (Cal. App. 2012). . . . . . . . . . 10

*Ty v. Publications International*,
    292 F.3d 512 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Universal Communication Systems v. Lycos, Inc.*,
    478 F.3d 413 (1st Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Video Pipeline v. Buena Vista Home Entertainment*,
    342 F.3d 191 (3d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## CONSTITUTION AND STATUTES

United States Constitution

    First Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Communications Decency Act,

    47 U.S.C. § 230. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8, 9, 10

Digital Millennium Copyright Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Section 512(c), 17 U.S.C. § 512(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## MISCELLANEOUS

Hutcherson, *How To Remove Ripoff Reports From Google – Not Just Bury Them*,
    http://searchengineland .com/
    how-to-remove-ripoff-reports-from-google-not-just-
    bury-them-65173 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## CERTIFICATION UNDER RULES 26.1 AND 29(c)(5)

Public Citizen is a non-profit corporation. No other corporation owns it, and it does not own any other companies. This brief was written by undersigned counsel, with the assistance of his colleagues at Public Citizen. No party and indeed no other person other than Public Citizen staff has participated in writing or editing this brief, or has paid anything toward the production or filing of the brief.

               /s/ Paul Alan Levy

Public Citizen submits this brief addressing issues raised by the pending petition for rehearing en banc of the Court's February 26 decision requiring Google to remove immediately a film entitled *Innocence of Muslims* from its platforms worldwide and to prevent further uploads. Public Citizen takes no position on the novel copyright claims before the Court but addresses several other considerations that should inform the Court's decision about whether to review the preliminary injunction en banc.

**Interest of Amicus Curiae**

Public Citizen is a Washington, DC-based public interest organization that has 300,000 members and supporters nationwide, approximately 75,000 of them in the Ninth Circuit. Since its founding in 1971, Public Citizen has urged citizens to speak out about a variety of large institutions, including corporations, government agencies, and unions, and it has sought in many ways to protect the rights of consumers, citizens and employees to voice their views. The Internet provides a tremendous opportunity for ordinary citizens to express their views and to have them heard; by the same token, it enables consumers to obtain information to protect their economic and political interests. The legal rules that protect the hosts of third-party speech from being sued over allegedly wrongful speech are critical to the system of online free speech. Without these rules, the cost and risk of litigation—and of making choices about what speech might produce such litigation, and whether that litigation

would survive summary judgment—could create a heckler's veto keeping much valuable speech offline. All too often, businesses sue hosts to suppress critical expression instead of actively pursuing the actual critics who have allegedly engaged in tortious speech. Consequently, Public Citizen lawyers often represent not just consumers who criticize businesses and political figures, but also online hosts in defense of their right not to be sued for hosting controversial content, based on both 47 U.S.C. § 230 and the doctrine against prior restraints. Public Citizen has been amicus curiae or an intervenor in cases raising such issues in this Circuit. *E.g.*, *Barnes v. Yahoo, Inc.*, 570 F.3d 1096 (9th Cir. 2009); *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003); *Bank Julius Baer v. Wikileaks*, 535 F. Supp.2d 980, 985 (N.D. Cal. 2008).

**Background and Proceedings to Date**

The record reveals that plaintiff Cindy Lee Garcia was seriously abused by the individual defendants. She was hired for a bit role in a movie called *Desert Warriors,* given a short script to read in English, and filmed performing that role. But a five-second clip of her performance was used in a very different movie, entitled *Innocence of Muslims*, with her actual words overdubbed into Arabic to make it appear that she was making statements that Muslims throughout the world find deeply offensive. The film was widely shown and both aroused serious outrage and sparked extensive

violence, a provocation that its authors apparently intended. There was intense news coverage of the reaction, and widespread popular discussion about whether censoring the film would be the right response despite our nation's general commitment to free speech. Among the consequences of the fraudulent conduct that led to Garcia's inclusion in the film were that Garcia was blamed for her participation, and has received death threats.

Garcia had a variety of potential claims against the individual defendants who created the film and uploaded it to YouTube. However, potential claims for fraud, unfair business practices, or libel had a tactical defect—they could not be brought against Google, the owner of YouTube. Because Google provides an interactive computer service, it is protected by the Communications Decency Act, 47 U.S.C. § 230, against being held liable, and indeed against being sued, over content provided by others. *See*; *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) (en banc); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102 (9th Cir. 2007). Consequently, such causes of action would not have achieved the court order that she desired: an order directly compelling Google to remove from YouTube the video showing her participation.

Section 230 does not protect interactive computer service providers against being sued for intellectual property claims. Consequently, Garcia also asserted that

her performance was independently copyrighted. Invoking this theory, she served notices on Google under the Digital Millennium Copyright Act ("DMCA"), which provides interactive computer services providers with a safe harbor against liability for copyright infringement, so long as they comply with various conditions including the removal of infringing matter when they receive "takedown" notices meeting the formal requirements of § 512(c) of the DMCA. When Google refused to remove *Innocence of Muslims* because it rejected Garcia's claim of copyright in her performance, Garcia sued Google and the filmmakers for infringement, and sued the individual defendants alleging libel, fraud, and other torts.

Garcia sought a temporary restraining order on an ex parte basis, which the district court denied in light of the fact that the film had been in general distribution for three months at the time relief was sought. The trial court then denied a preliminary injunction both for lack of likely success on the copyright claim and for lack of a showing that removal from YouTube alone would prevent any of the harms she alleged. Although the preliminary injunction was denied sixteen months ago, the docket in the district court indicates that she has done nothing to pursue her claims for damages or injunctive relief against the individual defendants—neither proof of service, nor a motion for summary judgment or any other relief against the individual defendants, has been filed.

-4-

Garcia appealed the denial of the preliminary injunction, and a divided panel of this Court held that she was likely to succeed on her copyright claims. The panel majority ordered Google to remove the movie from YouTube, later clarifying its order to specify that the movie could be reposted so long as Garcia's performance was deleted. Google sought en banc review both of the panel's preliminary injunction ruling, and of the panel's refusal to stay its injunction pending the completion of en banc review. En banc review of the stay has been denied, but the request for en banc review of the preliminary injunction is pending.

**Argument**

## I.      Considerations, Other Than the Merits of the Underlying Copyright Claim, Bearing on the Propriety of a Preliminary Injunction Should Be Included in the En Banc Review.

Until recently, this Court and many others assumed that, once a court has found that a copyright holder is likely to succeed on the merits of showing copyright infringement, irreparable injury could be presumed and thus issuance of a preliminary injunction would follow. *Apple Computer v. Formula Int'l*, 725 F.2d 521, 525 (9th Cir. 1984). That assumption was upended when the Supreme Court decided that the mere presence of an injunctive remedy in the patent statute did not excuse courts from considering the four traditional factors before deciding whether injunctive relief was proper. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). This Court, and

others, have recognized that the *eBay* rule applies equally to injunctions in copyright cases. *Flexible Lifeline Sys. v. Precision Lift*, 654 F.3d 989, 990 (9th Cir. 2011); *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980-81 (9th Cir. 2011). Consequently, the balance of irreparable injuries from granting or withholding injunctive relief must be considered according to the equities of each case.

In assessing that equitable balance, one of the fundamental rules that applies to the issuance of preliminary relief is that a judge's order that forbids speech because of its content, based only on a preliminary determination of the rights at issue, is a prior restraint. *Tory v. Cochran*, 544 U.S. 734, 738 (2005); *Overstreet v. Carpenters Local 1506*, 409 F.3d 1199, 1218 (9th Cir. 2005). Prior restraints demand the most compelling justification. *Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993). *See also Carroll v. Comm'rs of Princess Anne*, 393 U.S. 175 (1968). To justify a prior restraint, "publication must threaten an interest more fundamental than the First Amendment itself." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). And although the "speech" in the movie is its creators', Google has a free speech interest in defending its decisions about what speech to allow on its system, just as booksellers are protected against government limits on what books they carry, *Bantam Books v. Sullivan*, 372 U.S. 58 (1963), and organizers of a parade have a First Amendment right to decide what viewpoints may participate

-6-

in the parade. *Hurley v. Irish American Gay, Lesbian, and Bisexual Group of Boston*, 515 U.S. 557 (1995)

The Supreme Court has held that such copyright doctrines as fair use and the idea/expression dichotomy reflect First Amendment interests and hence can eliminate the need to consider the First Amendment separately in assessing the merits of copyright claims and defenses to those claims. *Eldred v. Ashcroft*, 537 U.S. 186, 219-221 (2003). But the Court has also recognized that copyright claims are not "categorically immune from challenges under the First Amendment." *Id.* at 221. First Amendment considerations are appropriately considered when a preliminary injunction is issued based on a claim of copyright infringement. *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1276 (11th Cir. 2001). *See also Ty v. Publications Int'l*, 292 F.3d 512, 523 (7th Cir. 2002) (First Amendment issue would be presented if fair use did not bar injunction against handbook about beanie babies).

Considering the First Amendment and the doctrine of prior restraint is particularly appropriate in light of the interests that Garcia invoked in support of a preliminary injunction. Garcia's opposition to Google's motion for a stay pending appeal made clear that she seeks injunctive relief not protect the value of her creative work and its copyrighted fixation, but to suppress the work because, as manipulated by the individual defendants, she and others find the content deeply

-7-

offensive—understandably so—and she was personally endangered as a result. This is not copyright injury, but rather libel injury, or fraud injury. In deciding whether to grant en banc review of the panel's significant copyright rulings, the Court should also weigh whether such damage is properly considered in deciding whether to sustain injunctive relief against copyright infringement. *Cf. Universal Communication Systems v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007) (rejecting effort to evade host's section 230 immunity by couching a defamation claim in terms of a trademark theory).

In addition, in holding that Garcia has a potentially valid copyright claim, the panel did not address the doctrine of "copyright misuse." This Court has long recognized that copyright misuse can be a defense to an infringement action, if only by barring the equitable relief of an injunction. *Practice Management Info. Corp. v. American Med. Ass'n*, 121 F.3d 516, 520-521 (9th Cir.1997). And the use of a copyright claim to suppress unwanted expression—a "'copyright holder's attempt to disrupt a copyright's goal to increase the store of creative expression for the public good'"— can constitute copyright misuse. *Video Pipeline v. Buena Vista Home Entertainment*, 342 F.3d 191, 205-206 (3d Cir. 2003), quoting *Rosemont Enters. v. Random House*, 366 F.2d 303 (2d Cir.1966).

The parties, and other amici, will address the merits of Garcia's underlying

copyright claim; Public Citizen does not address that issue here, but rather assumes for these purposes that her claim is valid, and indeed that she otherwise has a strong likelihood of success on her copyright claims. However, the doctrine of copyright misuse undercuts Garcia's argument on irreparable injury, in that the threats to her safety, although certainly powerful as an equitable consideration, do not bear on the equity of a **copyright** injunction because the argument seeks to suppress publication of the film because of its content. In deciding whether to grant en banc review, the Court should consider how these issues affect the balance of equities applicable to the propriety of a preliminary injunction.

## II. Garcia Might Have Attained the Outcome She Seeks by Pursuing Established State-Law Claims Against the Individual Defendants.

Even if Garcia's copyright claim is rejected as a basis for issuance of a preliminary injunction against Google, the record reflects that Garcia likely has tenable claims against the individual defendants—that is to say, in section 230 terms, against the information content providers. Although some states hold that equity will not enjoin a libel, California law allows the issuance of a permanent injunction against the repetition of specific statements found to be defamatory, *Balboa Island Village Inn v. Lemen*, 40 Cal.4th 1141, 1149-1154, 156 P.3d 339, 344-348 (Cal. 2007); moreover, injunctive relief is a common remedy for fraud and unfair business

practices under California law. *Tucker v. Pacific Bell Mobile Services*, 208 Cal. App.4th 201, 230, 145 Cal.Rptr.3d 340, 364 (Cal. App. 2012). Individual YouTube users retain control of their postings, and have the ability to remove them, such as to obey injunctions.

Garcia might have worried about whether the individual defendants might have flouted such an injunction. But although section 230 bars bringing the state-law claims against Google, and even forbids the issuance of purely injunctive relief against Google based on those claims, *Giordano v. Romeo*, 76 So.3d 1100, 1102 (Fla. App. 2011), *see also Blockowicz v. Williams*, 630 F.3d 563, 565 (7th Cir. 2010), Google, like most online hosts, behaves responsibly when a court of appropriate jurisdiction issues an injunction against the individuals who have posted content using their access to Google's services. Section 230 leaves it to a host's good judgment how to respond in those circumstances, and in Public Citizen's experience, like most hosts, Google typically responds to judgments against content providers by exercising its section 230 discretion to remove the challenged content. Indeed, Google will even take enjoined content hosted elsewhere out of its search index, thus disabling general public access to the material. *See* Hutcherson, *How To Remove Ripoff Reports From Google – Not Just Bury Them*, http://searchengineland .com/ how-to-remove-ripoff-reports-from-google-not-just-bury-them-65173 (last visited

March 18, 2014).

Consequently, if Garcia had pursued her state-law claims against the individual defendants, and obtained appropriate relief against them, including injunctive relief, she might well have achieved her objective of removal of the movie, either by action of the enjoined individual defendants or, failing that, by voluntary action of Google. Consequently, a copyright claim is not the only avenue for achieving the relief that Garcia very understandably seeks.

**Conclusion**

The Court should consider these additional issues in deciding whether en banc review is warranted.

Respectfully submitted,


  /s/ Paul Alan Levy
Paul Alan Levy

 Public Citizen Litigation Group
 1600 20th Street, NW
 Washington, D.C. 20009
 (202) 588-1000
 plevy@citizen.org

Attorney for Public Citizen

-11-

## CERTIFICATION

I certify that Word Perfect counted 2422 words in the body of this brief.


/s/ Paul Alan Levy

## CERTIFICATE OF SERVICE

I hereby certify that I am filing this brief using the Court's ECF system, which will effect service on all counsel.

                          ___ /s/ Paul Alan Levy_____
                          Paul Alan Levy

-13-