# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CINDY LEE GARCIA,

        *Plaintiff*,

v.

GOOGLE INC. and YOUTUBE LLC,

        *Defendants*.

Case No. 12-57302

## DECLARATION OF TIMOTHY L. ALGER

I, Timothy L. Alger, hereby state as follows:

    1.    I am an attorney licensed to practice law before the courts of the State of California and this Court. I am a partner at Perkins Coie LLP, and counsel in this action for Defendants-Appellees Google Inc. and YouTube, LLC. I have personal knowledge of the facts stated herein and, if called upon, could and would testify competently thereto under oath.

    2.    I make this declaration in support of Google and YouTube's opposition to Plaintiff-Appellant Cindy Lee Garcia's motion for contempt. This declaration is based on my personal knowledge.

    3.    On February 19, 2014, I received an email from the Clerk of the Ninth Circuit Court of Appeals attaching the Court's order of the same date. Immediately on receipt of the February 19 order, Google and YouTube began

1

efforts to comply with the order by blocking viewings of copies of "Innocence of Muslims."

4. Since February 19, 2014, I have had telephone and email communications with Cris Armenta, counsel for Ms. Garcia, in which Ms. Armenta has asserted that Google and YouTube were defying the Court's orders. I repeatedly informed Ms. Armenta that Google and YouTube were complying with the orders by using matching technology and manual searches to locate and block from viewing of all copies of "Innocence of Muslims." I also informed Ms. Armenta that Google and YouTube were blocking from viewing all copies that she informed us about. These manual takedowns at Ms. Armenta's request—whether by DMCA notice or by alerting me by email—were *in addition to* YouTube's use of matching technology and manual searches for copies of the film, and I told her this. *See, e.g.,* Dkt. 67 at 32 (Alger 3/14/14 email to Armenta). When Ms. Armenta complained that she had not gotten a response from YouTube to a recent DMCA takedown demand, I offered to specially accept and handle such demands on behalf of Google and YouTube, an offer she declined. *Id.* at 17 (Armenta 3/18/14 email to Alger).

5. As the email traffic submitted to the Court by Ms. Armenta shows, I informed Ms. Armenta that "Google is taking this seriously and is working quite hard to comply with the Ninth Circuit's order." *Id.* at 24 (Alger 3/6/14 email to

2

Armenta). I also offered to explain to Ms. Armenta precisely what Google was doing to comply, and I wrote in the same March 6 email: "If you are interested, we think it's worth further discussions, and we'd like to give you more information about our efforts. We also are open to hearing your ideas." *Id.* Ms. Armenta never responded to my proposal of March 6.

6. Instead, after ending communications related to YouTube's compliance for over two weeks; after ending any communications at all for a week; after declining my March 18 offer to accept takedown demands; and after ignoring my March 6 proposal that we discuss what YouTube was doing and any ideas she might have, Ms. Armenta suddenly called me by phone on March 25. On that call, Ms. Armenta announced she would file a contempt motion within 30 minutes. Ms. Armenta and her DMCA agent, David Hardy, identified to me a copy of "Innocence of Muslims" that Mr. Hardy said he had found on YouTube that morning. At the time I called it up on YouTube, during our phone conversation, the copy had received 22 viewings since it was posted in September 2013. I asked Ms. Armenta and Mr. Hardy if this copy of the film had been the subject of any prior takedown notices, and they said it had not. I asked twice whether Ms. Armenta and Mr. Hardy were aware of *any* copies of "Innocence of Muslims" that had been the subject of notifications that remained available on YouTube, and they declined to respond, and said they had not checked. Ms. Armenta said it was not

3

her job to hunt for copies of the film, and Google had the technical capacity to find and remove them. I told her (as I had told her previously) that YouTube was not only responding to her notifications, but was also using its matching technology to locate copies of "Innocence of Muslims" and was fully complying with the Court's orders.

    I make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, and I state that the facts set forth herein are true and correct.

<u>/s/ Timothy L. Alger</u><br>
Timothy L. Alger

Dated: March 29, 2014