**CASE NO. 12-57302**
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

CINDY LEE GARCIA,
Plaintiff and Appellant,

v.

GOOGLE INC. and YOUTUBE, LLC,
Defendants and Appellees.
_____

On Appeal from the United States District Court for the Central District of
California, CV-12-8315-MWF (VBKx)
District Judge Michael W. Fitzgerald
_____

**MOTION OF NEWS ORGANIZATIONS FOR LEAVE TO FILE AMICUS
CURIAE BRIEF IN SUPPORT OF DEFENDANTS AND APPELLEES**
_____

KELLI L. SAGER (State Bar No. 120162)
kellisager@dwt.com
DAN LAIDMAN (State Bar No. 274482)
danlaidman@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
brendancharney@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
865 S. Figueroa Street, Suite 2400, Los Angeles, California 90017-2566
Telephone: (213) 633-6800; Facsimile: (213) 633-6899

Attorneys for Amici Curiae Los Angeles Times Communications LLC, The E.W.
Scripps Company, Advance Publications, Inc., The New York Times Company,
The Washington Post, the Reporters Committee for Freedom of the Press, National
Public Radio, Inc., the National Press Photographers Association, the California
Newspaper Publishers Association, and the First Amendment Coalition

Pursuant to Federal Rules of Appellate Procedure 29(a)-(b), Los Angeles Times Communications LLC, The E.W. Scripps Company, Advance Publications, Inc., The New York Times Company, The Washington Post, the Reporters Committee for Freedom of the Press, National Public Radio, Inc., the National Press Photographers Association, the California Newspaper Publishers Association, and the First Amendment Coalition (collectively "Media Amici") hereby request leave to file the concurrently submitted amicus curiae brief to the en banc Court in support of Defendants/Appellees Google, Inc. and YouTube, LLC (collectively "Google").[1]

Amici are journalists, publishers, and trade associations whose members regularly gather and disseminate news and information on matters of public interest.[2] Many of them previously submitted an amicus curiae brief in this appeal urging the Court to grant Google's petition for rehearing en banc, in addition to a

---

[1] Google has consented to the filing of Media Amici's brief. Appellant's counsel informed counsel for the Media Amici that Appellant would only consent to the filing of their brief after learning the identity of each participating entity. On November 24, Appellant consented to the filing of the Media Amici brief on behalf of nine of the 10 entities named above. The last entity joined the amicus coalition early on November 25, and Media Amici reached out to Appellants' counsel that morning to confirm that Appellant's consent extended to all Media Amici. Counsel has not yet received a response to this query, and this Court has set a November 25 deadline for the submission of amicus briefs; consequently, Media Amici are filing this Motion out of an abundance of caution.

[2] A description of the individual Amici and their corporate disclosure information is included in Appendix A to the concurrently submitted brief.

1

letter brief in support of <u>en banc</u> rehearing of the denial of Google's request for a stay of the Panel's takedown order.  <u>See</u> Dkt. ## 58, 81.

This appeal involves Appellant's request for an injunction ordering that the "Innocence of Muslims" video (the "Video") be removed from YouTube.  The Panel Majority ordered Google to remove the portions of the Video that include Appellant.  <u>See</u> <u>Garcia v. Google, Inc.</u>, 743 F.3d 1258 (9th Cir. 2014), <u>amended by</u> 766 F.3d 929 (9th Cir. 2014).  Media Amici have a direct interest in this appeal, as they have covered, and will continue to report on, the controversy surrounding the Video, which has been blamed for the attack in Benghazi, Libya that killed Ambassador Christopher Stevens and others, and that has been the subject of substantial public debate.  Appellant's requested injunction places Media Amici in an untenable – and, they believe, an unconstitutionally restricted – position, as they consider how to report about the ongoing controversy.

The disposition of this appeal also could have far broader ramifications for Media Amici and other similarly situated news organizations.  The Panel Majority's expansive interpretation of injunctive relief under copyright law could allow disgruntled subjects of news coverage to seek injunctions aimed at removing unflattering articles or broadcasts while evading traditional First Amendment protections.  News organizations like Media Amici would be particularly susceptible to such claims by individuals aiming to silence critical reporting on

DWT 25464178v1 0026175-000467

important topics. Media Amici believe that their <u>amicus</u> brief will be helpful to the Court in resolving these issues, as it presents the perspective of news organizations affected by the injunction at issue, while also examining the broader First Amendment issues raised by the appeal.

For all these reasons, set forth in more detail in the attached brief, Media Amici respectfully request that this Court grant their motion to file the accompanying <u>amicus</u> brief.

RESPECTFULLY SUBMITTED this 25th day of November, 2014.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
BRENDAN N. CHARNEY


By <u>/s/ Kelli L. Sager</u>
            Kelli L. Sager

Attorneys for Amici Curiae Los Angeles Times Communications LLC, The E.W. Scripps Company, Advance Publications, Inc., The New York Times Company, The Washington Post, the Reporters Committee for Freedom of the Press, National Public Radio, Inc., the National Press Photographers Association, the California Newspaper Publishers Association, and the First Amendment Coalition